996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 SCHNEITER ENTERPRISES, LIMITED; Schneiter Golf, Inc., a
Utah Corporation; George M. Schneiter,
Plaintiffs-Appellants,
v.
SANDY CITY MUNICIPAL CORPORATION and Steven C. Osborn,
Defendants-Appellees.
 No. 91-4193.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1993.
 
 Before ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs operate a nine-hole executive golf course in Sandy City, Utah. Plaintiffs' complaint arose out of their proposed expansion of the course to eighteen holes and defendants' efforts to impose certain conditions on that expansion. Defendants required plaintiffs to obtain a land use permit and placed conditions on the expansion. Plaintiffs asserted twelve counts against defendants, alleging claims under both federal and state law. Plaintiffs' federal claims asserted that the conditions defendants sought to impose upon them violated due process and amounted to a taking of plaintiffs' property without just compensation. After cross-motions for partial summary judgment, the district court disposed of the federal and pendent state law claims included in counts one, two, four, five, six, seven, and part of three on the merits in a memorandum ruling entered on March 16, 1990.
 
 
 3
 After a subsequent motion for summary judgment by defendants, the district court entered on October 9, 1991, a memorandum decision and order dismissing, pursuant to the parties' stipulation, counts eight and eleven, granting summary judgment in favor of defendants on count ten and the remainder of count three, and dismissing plaintiffs' remaining pendent state law claims. On October 15, 1991, the district court entered a judgment reciting the action taken in the October 9, 1991 memorandum decision and order. Plaintiffs appeal from the October 15, 1991 judgment,[1] contending that the defendants' actions challenged in counts three and ten[2] constitute a taking without just compensation and a violation of substantive due process. Defendants contend these claims were not ripe for federal review. Because the issue of ripeness goes to the court's subject matter jurisdiction, we must consider it. Upon such consideration, explained below, we exercise jurisdiction over the appeal under 28 U.S.C. § 1291, and vacate the district court's October 15, 1991 judgment as it relates to plaintiffs' federal takings and due process claims in counts three and ten disposed of in the district court's October 9, 1991 order. We remand with instructions to dismiss these claims as unripe.
 
 
 4
 The district court held that the defendants' actions challenged by plaintiffs in counts three and ten did not rise to the level of a taking. We are inclined to agree; however, a more fundamental question is at issue. " 'Before a federal court can properly determine whether the state has violated the Fifth Amendment [takings clause], the aggrieved property owner must show first that the state deprived him of his property, and second, that the state refused to compensate him for his loss.' " Rocky Mountain Materials & Asphalt, Inc. v. Board of County Comm'rs, 972 F.2d 309, 310 (10th Cir.1992) (quoting Miller v. Campbell County, 945 F.2d 348, 352 (10th Cir.1991) (following Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194 (1985)), cert. denied, 112 S.Ct. 1174 (1992)); see also New Port Largo, Inc. v. Monroe County, 985 F.2d 1488, 1495 (11th Cir.1993) (Tjoflat, C.J., specially concurring) (ripeness of takings claim hinges on final state decision concerning application of challenged regulation and refusal to pay just compensation). Plaintiffs' takings claims are not ripe for federal review because plaintiffs did not first seek compensation in state court under the applicable provisions of the Utah constitution and laws. Plaintiffs argue neither that they lack the state remedy nor that it would be futile to seek it.
 
 
 5
 A due process claim based on the same state action as a takings claim is subject to the same ripeness analysis. See Rocky Mountain Materials, 972 F.2d at 311 (procedural due process claim subsumed in takings claim); Landmark Land Co. of Okla., Inc. v. Buchanan, 874 F.2d 717, 722 (10th Cir.1989) (substantive due process claim subject to Williamson ripeness test). We regard plaintiffs' due process claims in both counts three and ten as intertwined with a takings claim. Therefore, these claims are also unripe.
 
 
 6
 The judgment of the United States District Court for the District of Utah is VACATED as it relates to plaintiffs' federal takings and due process claims in counts three and ten disposed of in the district court's October 9, 1991 order, and the case is REMANDED with instructions to dismiss those claims as unripe.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court's March 16, 1990 and October 9, 1991 memorandum decisions clearly dispose of all of plaintiffs' case. The judgment entered on October 15, 1991, however, does not address the action taken in the March 16, 1990 memorandum ruling, nor does it dismiss plaintiffs' action. The October 15, 1991 judgment, therefore, does not meet the requirement that a final judgment be set forth on a separate document. See Fed.R.Civ.P. 58. By itself, the October 15 judgment could not trigger the appeal process. However, because the purpose of the separate document rule is only to eliminate the uncertainty of when to file an appeal, because both parties here appear to have assumed final judgment had been entered, and because plaintiffs' notice of appeal was timely, the requirement of a separate document has been waived. See Clough v. Rush, 959 F.2d 182, 185 (10th Cir.1992) (citing Bankers Trust Co. v. Mallis, 435 U.S. 381, 385-86 (1978))
 
 
 [2]
 This appeal is limited by the parties to the claims in counts three and ten addressed in the district court's October 9, 1991 order. The notice of appeal states that plaintiffs appeal from the October 9, 1991 order, upon which final judgment was entered on October 15, 1991. In their brief, plaintiffs specify that they appeal from the October 9, 1991 order and not from the March 16, 1990 order. Defendants did not cross-appeal. Therefore, judgment is final as to all claims except those in counts three and ten addressed in the district court's October 9, 1991 order