59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose M. RODRIQUEZ-PENTON, Plaintiff-Appellant,
v.
Tom R. KINDT; Federal Bureau of Prisons; Michael Quinlan,
and in his official position as director of Bureau
of Prisons, Defendants-Appellees.
 No. 94-6330.
 United States Court of Appeals, Tenth Circuit.
 June 21, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 BARRETT
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Jose Rodriquez-Penton, an Immigration and Naturalization Service detainee appearing pro se and in forma pauperis, appeals from a judgment in favor of defendants in this action challenging the requirement that he work in the prison kitchen. We have jurisdiction under 28 U.S.C. 1291,[2] and affirm.
 
 
 4
 The facts of this dispute are somewhat unclear. Plaintiff is currently incarcerated at the Federal Correctional Institution (FCI)-El Reno, Oklahoma. He is being held as an excludable alien; he has not been charged with or convicted of a crime. Plaintiff alleges he was required to work without pay in the prison kitchen, on pain of being moved to administrative segregation, and that the requirement to work violated his constitutional rights.
 
 
 5
 Plaintiff filed suit against the Federal Bureau of Prisons (FBOP); the warden of FCI-El Reno, Tom R. Kindt; and the director of the FBOP, Michael Quinlan. Plaintiff presented evidence that he was assigned to work in the prison kitchen in January and February of 1992; that he filed an informal resolution form seeking release from this assignment on January 22, and a request for administrative remedy on February 18; and that he was ultimately denied relief by defendant Kindt on March 24, 1992. See R. doc. 65 & attachments. Defendants presented evidence that plaintiff was assigned to kitchen duty on January 22, 1992, see id. doc 58 (inmate history work detail attachment); that he characterized his work status as "unassigned" in an "inmate request to staff member," dated February 28, requesting employment with UNICOR (prison industries), id. (inmate request to staff member attachment); and that he was hired by UNICOR on March 12, 1992, id. (inmate profile attachment).
 
 
 6
 On defendants' motion to dismiss or, in the alternative, for summary judgment, the district court referred the case to the magistrate judge, who considered plaintiff's allegations, alternatively, as sounding in tort or as asserting a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The magistrate judge, citing Atorie Air, Inc. v. FAA, 942 F.2d 954, 957 (5th Cir.1991), concluded that to the extent plaintiff alleged a tort claim against the government, the only proper defendant was the United States. The magistrate judge therefore recommended that all of the named parties be dismissed.
 
 
 7
 Construing the case as a Bivens claim, on the other hand, the magistrate judge determined, citing Keene Corp. v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.), cert. denied, 464 U.S. 864 (1983), that Bivens-type actions can be maintained only against federal officials in their individual capacities and, therefore, that FBOP was not a proper party. In addition, the magistrate judge found that plaintiff failed to sufficiently allege Michael Quinlan's personal participation in purportedly forcing plaintiff to work to state a claim against him under Bivens. See Rizzo v. Goode, 423 U.S. 362, 375-76 (1976). The district court adopted these recommendations and dismissed plaintiff's claims against defendants FBOP and Quinlan.
 
 
 8
 Although the magistrate judge also recommended at this time that summary judgment be granted in favor of defendant Kindt, the district court recommitted the case to the magistrate judge for further consideration of plaintiff's Bivens claim against him. After reconsideration, the magistrate judge again recommended that summary judgment be granted in favor of defendant Kindt, on the basis that plaintiff failed to present any evidence that defendant Kindt personally participated in the alleged violation of plaintiff's constitutional rights in January and February of 1992. The district court adopted this recommendation.
 
 
 9
 On appeal, plaintiff fails to make any argument relevant to the dismissal of defendants FBOP or Quinlan. Further, plaintiff fails to point to any evidence that defendant Kindt was personally involved in the alleged violation of plaintiff's constitutional rights in January and February of 1992. It is undisputed on this record that defendant Kindt was not personally involved in this matter until after plaintiff had been released from kitchen detail. We have carefully reviewed the briefs and the record on appeal. We find no error in the magistrate judge's analysis, and affirm the district court's adoption of it.
 
 
 10
 Plaintiff's motion for hearing in banc is denied.
 
 
 11
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We note that, technically, the judgment entered on September 8, 1994, is not final because it disposes only of plaintiff's claims against defendant Tom R. Kindt and not those against defendants Federal Bureau of Prisons (FBOP) and Michael Quinlan. See Catlin v. United States, 324 U.S. 229, 233 (1945). The record shows that the district court dismissed plaintiff's claims against defendants FBOP and Michael Quinlan in an order dated June 7, 1993. That dismissal was never entered on a separate document as required by Fed.R.Civ.P. 58. The purpose of the separate document rule is only to eliminate the uncertainty of when to file an appeal, however. Because the parties here appear to assume that final judgment was entered, because plaintiff's notice of appeal was otherwise timely, and because a remand for the entry of a final judgment on a separate document pursuant to Rule 58 would cause "[w]heels [to] spin for no practical purpose," Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978), the requirement of a separate document has been waived. See Clough v. Rush, 959 F.2d 182, 185 (10th Cir.1992). We note the oversight and proceed to the merits of the appeal