UNITED STATES COURT OF APPEALS

**Filed 5/2/96**

TENTH CIRCUIT

GEORGE ED JONES,

      Plaintiff-Appellant,

v.

EDWARD L. EVANS and
ROBBIE N. SARGENT,

      Defendants-Appellees.

No. 95-6304
(W.D. Oklahoma)
(D.C. No. 94-CV-1615)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore submitted without oral argument.

Plaintiff George Ed Jones, a state prison inmate, appeals the district court's dismissal of his civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleged

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

an equal protection violation based on the defendants' refusal to assign him to the duty he requested. Plaintiff did not, however, allege that he was a member of a protected class, nor did he suggest that the duty requests of other, similarly-situated individuals were granted while his request was not. The district court dismissed plaintiff's action as frivolous under 28 U.S.C. § 1915(d). This appeal followed.

As an initial matter, we must determine whether this court has jurisdiction to hear plaintiff's appeal. Under Fed. R. App. P. 4(a)(1), a notice of appeal in a civil case must be filed within thirty days after the date of the entry of the judgment. Rule 4(a)(5) provides, however, that a district court may extend the period for filing a notice of appeal upon a showing of excusable neglect or good cause. Such an extension may not exceed thirty days from the time prescribed under Rule 4(a)(1) or ten days from the granting of the motion to extend the time for filing, whichever is later. Fed. R. App. P. 4(a)(5). In this case, the district court extended the time for filing beyond the time limits provided in Rule 4(a)(5). As a result, plaintiff's notice of appeal was not timely.

The district court's order dismissing plaintiff's case did not, however, meet the requirements for a final judgment under Fed. R. Civ. P. 58. Rule 58 states, in pertinent part, that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)," which governs civil docket entries. Because the time for filing an appeal does not begin to run until a judgment set forth on a separate document is entered and because no such

2

judgment was ever entered in this case, plaintiff's notice of appeal was not untimely. Under Fed. R. App. P. 4(a)(2), a notice of appeal filed after the court announces a decision but before the proper entry of the judgment is treated as if it were filed on the date of and after the entry of the judgment.

Nevertheless, because no separate judgment was entered by the district court, we must consider whether remand is appropriate. Having determined that efficiency and judicial economy would not be served by requiring the plaintiff to return to the district court to obtain a separate judgment, we conclude that remand is not appropriate. *See Clough v. Rush*, 959 F.2d 182, 186 (10th Cir. 1992). Accordingly, this court accepts jurisdiction and proceeds to the merits of plaintiff's appeal.

Because we agree that the plaintiff has failed to plead those facts necessary to maintain his claim, we affirm for substantially the reasons stated in the magistrate's Report and Recommendation dated October 18, 1994.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

3