F I L E D
United States Court of Appeals
Tenth Circuit

AUG 25 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JESUS PEQUENO PEDRAZA,

Petitioner-Appellant,

v.

STATE OF OKLAHOMA;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 98-7127
(D.C. No. CV-98-12-B)
(E.D. Okla.)

ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Jesus Pequeno Pedraza, a state prisoner appearing *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely.[1]  Petitioner's judgment of conviction was final on October 5, 1996. Because petitioner's conviction became final after the effective date of the Antiterrorism and Effective Death Penalty Act (April 24, 1996), he had one year from the date the judgment became final to file an application for habeas corpus relief.  *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed an application for habeas corpus relief with the district court on January 27, 1997, but the petition was dismissed without prejudice for failure to exhaust state remedies on September 30, 1997.  Petitioner filed the present petition on January 12, 1998, raising only the exhausted claims from the first petition.  Because the petition was not filed within one year of October 5, 1996, the date on which the judgment of conviction became final, it was time-barred under the statute.

Petitioner argues that the limitation period was tolled from the time he filed his first federal habeas petition until the district court dismissed it for failure to

---

[1]     We recognize that petitioner filed his notice of appeal more than thirty days after the order dismissing the petition,     *see* Fed. R. App. P. 4(a)(1), but because the district court did not enter a separate judgment pursuant to Fed. R. Civ. P. 58, the time for filing a notice of appeal did not begin to run and, consequently, the notice of appeal was not untimely.  Because remanding for entry of a separate judgment would not promote judicial economy, we exercise jurisdiction over this appeal.  *See Clough v. Rush*  , 959 F.2d 182, 186 (10th Cir. 1992).

exhaust, and, therefore, his petition was within the one year limitation period. Contrary to petitioner's assertion, the tolling provision in 28 U.S.C. § 2244(d)(2) does not save his petition. Pursuant to that section, only the time during which a properly filed application for state post-conviction or other state collateral review is pending is tolled. *See Rhine v. Boone*, No. 98-6353, 1999 WL 459312, at *3 (10th Cir. July 7, 1999); *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (defining "pending" to include "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application"). Because the federal habeas petition was "neither an application for state post-conviction review nor an application for other state collateral review," it did not toll the limitation period. *Rhine*, 1999 WL 459312, at *3. Therefore, the district court correctly dismissed the petition for habeas relief as untimely. The application for a certificate of appealability is DENIED, and the appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge