**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STICHTING MAYFLOWER
RECREATIONAL FONDS;
STICHTING MAYFLOWER
MOUNTAIN FONDS,

        Plaintiffs-Appellants,

v.

NEWPARK RESOURCES, INC.;
CONSOLIDATED MAYFLOWER
MINES, INC.; B.F.C. OIL
COMPANY,

        Defendants-Appellees.

No. 00-4097
(D.C. No. 85-CV-176)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs appeal the district court's award of attorney fees against defendant Consolidated Mayflower Mines, Inc. (CMMI), arguing that the court erred in not including certain interest in the award.  This case has a rather protracted history.  On June 29, 1992, following an appeal and remand, the district court entered a judgment that, among other things, awarded plaintiffs attorney fees in the amount of $219,317.55 against all defendants.  The judgment provided that it would bear interest at the legal rate.  Thereafter, defendants filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(a) and (b).  On January 22, 1993, the district court entered an order acknowledging that the June 1992 judgment contained several clerical mistakes that were inconsistent with earlier rulings of the court.  [1]  Accordingly, the court entered an amended judgment providing in pertinent part that only defendant CMMI was liable to plaintiffs for attorney fees and that the amount would be specified by future order, but would not exceed $219,317.55.  This judgment also provided that it would bear interest at the legal rate.

---

[1]     Although this order was entered on January 22, the parties and district court sometimes referred to it as the order of January 21, the date on which it was signed.

On September 25, 1997, the district court entered an order setting the amount of fees due from CMMI at $170,268.40. The order did not mention the accrual of any interest, and no accompanying judgment was entered on a separate document. Several days later, plaintiffs' counsel sent a letter to the district court in which he stated in pertinent part: "I was gratified to receive the Court's Order entered September 25, 1997, resolving the award of attorney's fees in this matter, but note that the Order neglects to carry forward the provision of the Court's Order of January 21, 1993 for interest on the award." Appellants' App., Ex. 6.[2] The court responded by letter of October 8, 1997, in which it stated:

> The court received your letter of October 3, 1997 in which you ask for an award of interest from January 21, 1993 on your attorney fee award. The court's Order of September 25, 1997 did not address that issue because it was not raised by the parties in their most recent memoranda and the court believed an award of attorney fees in the amount of $170,268.40 was fair and reasonable, without adding interest.

---

[2]    Our review of the record in this case was hindered by plaintiffs' failure to consecutively paginate their appendix and to include in it an index of documents with page numbers, as required by 10th Cir. R. 30.1(C)(3). We also note that the appendix does not comply with 10th Cir. R. 30(C)(1), which requires that copies of documents show the district court's file stamp. In addition, defendants state in their appellate brief that plaintiffs failed to comply with Fed. R. App. 30(b)(1), which requires the parties to try to agree on the contents of the appendix, and if they cannot, for the appellant to serve on the appellee a designation of the parts of the record that the appellant intends to include in the appendix. We admonish plaintiffs' counsel for his failure to follow the rules and remind him of his continuing duty to do so.

*Id.*, Ex. 7. Plaintiffs did not respond to the court's letter or otherwise attempt to pursue their request for interest.

In April 1999, plaintiffs' counsel sent the district court a letter enclosing a proposed order concerning the method in which the attorney fees would be paid. The proposed order stated that all defendants were liable for the fees, and it provided that defendants would be given credit against the amount owed upon payment of sums being held in connection with another lawsuit and upon execution of a deed to certain property. Defendants then retained new counsel, who entered an appearance in October 1999 and filed an objection to the proposed order. On April 25, 2000, the district court entered a "Ruling" in which it stated that plaintiffs' proposed order was both inappropriate and unnecessary, and that "the Amended Judgment, signed January 21, 1993 (Docket #153), and the Order, signed September 24, 1997 (Docket #173), dispose of the issue of attorney fees and the case." Appellees' Suppl. App. at 53. Plaintiffs filed the current appeal on May 23, 2000.

As an initial matter, we must determine whether we have jurisdiction over this appeal. Defendants have moved to dismiss the appeal, arguing that the district court entered its final order adjudicating attorney fees in September 1997, and plaintiffs did not file a timely notice of appeal from that order. A close

reading of the federal rules of both appellate and civil procedure, however, demonstrates that plaintiffs' appeal is timely.

Pursuant to Fed. R. App. p. 4(a), the notice of appeal in a civil case in which the federal government is not a party must be filed within thirty days after entry of the judgment or order from which the appeal is taken. "A judgment or order is entered for purposes of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure." Fed. R. App. P. 4(a)(7). Rule 58, in turn, provides that "[e]very judgment shall be set forth on a separate document" and that "[a] judgment is effective only when so set forth and when entered as provided in Rule 79(a)."

We have held that, "because motions for attorney fees are separate from and collateral to any decision on the merits, they should be accorded the same dignity under Rule 58 as judgments on the merits. Just as a judgment on the merits must always be accompanied by a separate document, so should a district court's order denying or granting a motion for fees." *DeBoard v. Sunshine Mining & Ref. Co.*, 208 F.3d 1228, 1237 (10th Cir. 2000). The district court's order of September 1997 was not accompanied by a separate document constituting the Rule 58 judgment, and the order itself could not qualify as the Rule 58 judgment, because it contained a discussion of the court's reasoning and legal analysis. *See Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992).

While the parties may waive the separate document requirement in certain circumstances, *id.* at 185, "[t]he separate document rule should be interpreted to prevent loss of the right to appeal. As a consequence, waiver may not be used to defeat jurisdiction," *id.* at 186 (quotation and citation omitted). Absent entry of judgment on a separate document, the appeal clock on the court's September 1997 fee order did not begin to run. Therefore, we accept jurisdiction over plaintiffs' appeal and proceed to the merits. *See generally, Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978).

In their six-page opening brief, plaintiffs argue that the district court erred in not awarding them interest on their attorney fees from the date the fees were incurred or, at the least, from the date of the court's first judgment awarding fees, which was June 29, 1992. Although plaintiffs purport to ask only for postjudgment interest, an award of interest back to the date the fees were incurred would constitute an award of prejudgment interest.

Prejudgment interest and postjudgment interest vary in significant respects. Postjudgment interest is mandatory under 28 U.S.C. § 1961. Its purpose "is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damages and the payment by defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990) (quotation omitted). We review a district court's award of postjudgment

interest de novo. *Utah v. Babbitt*, 53 F.3d 1145, 1148 (10th Cir. 1995). Prejudgment interest, on the other hand, is not mandatory. *Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1247 (10th Cir. 2000). Its purpose "is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment." *Id.* (quotation omitted). We review a district court's award of prejudgment interest for an abuse of discretion. *Id.*

Beyond its failure to differentiate between pre- and post-judgment interest, plaintiffs' brief is otherwise inadequate to obtain appellate relief. The brief not only fails to state where in the record the issues were raised and ruled on, in violation of 10th Cir. R. 28.2(C)(2), but it also fails to recite the appropriate standard of review, in violation of Fed. R. App. P. 28 (a)(9)(B), and it cites no authority for plaintiffs' arguments other than 28 U.S.C. § 1961, in violation of Fed. R. App. P. 28(a)(9)(A). [3]

We require appellants to tell us where in the record an issue was raised and ruled on, because we require "that an issue be presented to, considered [and] decided by the trial court" before we will review it on appeal, *Lyons v. Jefferson*

_____

[3]     Once again, we admonish plaintiffs' counsel for his failure to follow the rules and remind him of his continuing duty to comply with the rules of appellate procedure and the local rules of this court. Counsel is advised that future violations may result in the imposition of sanctions.

*Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993) (quotation omitted; alteration in original). "[V]ague, arguable references to [a] point in the district court proceedings do not . . . preserve the issue on appeal." *Id.* (quotation omitted; alteration in original). "Similarly, we have held that where an issue is raised but not pursued in the trial court, it cannot be the basis for the appeal." *Id.* at 722.

Defendants contend that plaintiffs did not adequately raise to the district court the issue of whether interest should be awarded back to either the date the fees were incurred or the court's judgment of June 16, 1992. Defendants are certainly correct with respect to plaintiffs' request for prejudgment interest. Nothing in the record before us indicates that plaintiffs ever raised the issue of prejudgment interest to the district court. Therefore, plaintiffs have not properly preserved this issue for appellate review. Nor have plaintiffs properly presented this issue for appellate review. Their appellate briefs provide no analysis and cite no authority to support their request for prejudgment interest. This court will not consider an argument that is not properly presented for appellate review. *E.g.,* *United States v. Edwards*, 69 F.3d 419, 430 (10th Cir. 1995).

Plaintiffs' request for interest back to the date of the court's first award of attorney fees could be construed as a request for postjudgment interest. *See, e.g., Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097 (10th Cir. 1991) ( *Wheeler II* ) (discussing when postjudgment interest will accrue if first judgment was

reversed); *Wheeler v. John Deere Co.*, 986 F.2d 413, 415-16 (10th Cir. 1993) (*Wheeler III*) (discussing when postjudgment interest will accrue if initial quantified judgment was decreased). Although plaintiffs did make a general request for postjudgment interest in their letter to the court of October 3, 1997, we agree with defendants that they did not adequately preserve their present request for postjudgment interest dating back to June 29, 1992.

Even if we assume that a letter from counsel to the court is sufficient to preserve an issue for appeal, counsel's letter here did not put the court or defendants on notice that plaintiffs were requesting postjudgment interest from June 29, 1992, much less provide any legal analysis to support such a request.[4] Thus, the issue of ordering postjudgment interest back to June 29, 1992 was not adequately preserved for appellate review. Likewise, the issue was not adequately presented for appellate review. Plaintiffs' appellate briefs provide no analysis and cite no authority in support of their contention that the district court erred in not awarding postjudgment interest back to the date of its first judgment. Therefore, we will not consider whether the district court erred when it failed to

[4]     Counsel for all parties should note the requirements of Federal Rule of Civil Procedure 7(b)(1): "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." A motion filed with the court, rather than a letter sent to the court, is the appropriate means of seeking relief.

order that postjudgment interest begin to accrue on the attorney fee award as of June 29, 1992.

Defendants' motion to dismiss and their related motion for damages are DENIED, and the judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge