**Luis Humberto Tarango MARTHA, Petitioner–Appellant,**

v.

**Hoyt BRILL and Attorney General of the State of Colorado, Respondents–Appellees.**

**No. 01–1579.**

United States Court of Appeals, Tenth Circuit.

June 7, 2002.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

**ORDER AND JUDGMENT** *

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se § 2254 prisoner appeal. Mr. Martha was convicted of sexual assault on a child and was initially sentenced to

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

probation. Probation was revoked and he was sentenced to seven years of imprisonment and five years of mandatory parole.

In his federal habeas petition, Mr. Martha claims his constitutional rights were violated because he was not indicted by a grand jury as provided by the Fifth Amendment. The district court denied the § 2254 motion on the merits. The district court noted that the Fifth Amendment right to charging by grand jury is not applicable in state actions and that in Colorado a criminal action can arise from information, complaint, or grand jury indictment. The district court also denied Mr. Martha's motion for reconsideration and his request for a certificate of appealability. Petitioner then applied to this court for a certificate of appealability.[2]

In order for this court to grant a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

We have carefully reviewed Mr. Martha's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's brief raises an issue which meets the standards for the grant of a certificate of appealability. For substantially the same reasons as set forth by the district court in its Order of October 16, 2001, we cannot say that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.* We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Appellant's motion to proceed in forma pauperis on appeal is **GRANTED.**

---

**2.** At first glance, it appears that the notice of appeal was untimely filed. However, we hold that this appeal is timely because no separate judgment as required by Fed.R.Civ.P. 58 has been entered. Rule 58 provides that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." The time to appeal begins to run upon entry of the separate judgment. We have recognized an exception to Rule 58's separate judgment requirement when there is no question about the finality of the court's decision and when the order contains no discussion of the court's reasoning or any dispositive legal analysis. *See Clough v. Rush,* 959 F.2d 182, 185 (10th Cir.1992). However, where an order does contain such analysis, a separate document is necessary to start the time to appeal. *Id.* Because the district court's order contains legal analysis, it does not satisfy the requirement for a Rule 58 judgment or its exception.

Even though there is no separate judgment as required by Rule 58, we accept jurisdiction in this case because "efficiency and judicial economy would not be served by requiring the parties to return to the district court to obtain a separate judgment." *Id.* at 185–86 ("If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal."); *see also Thompson v. Gibson,* 289 F.3d 1218, 1219 (10th Cir.2002) ("Rule 58 should be interpreted to preserve an appeal where possible").