FILED
United States Court of Appeals
Tenth Circuit

June 23, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH E. WATERBURY,

Defendant - Appellant.

No. 08-3339
(D.Ct Nos. 2:08-CV-02089-JWL and
2:03-CR-20051-JWL)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Kenneth Waterbury, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255

petition. We DENY a COA and DISMISS this appeal.

## I. BACKGROUND

As an initial matter we must address the question of timeliness of the appeal. The

district court denied Mr. Waterbury's § 2255 motion to vacate in a Memorandum and

Order entered September 26, 2008. The court did not, however, enter a separate Rule 58

judgment. *See* Fed. R. Civ. P. 58. The fourteen-page Memorandum and Order does not

satisfy the requirements of Rule 58. *See Clough v. Rush*, 959 F.2d 182, 185, 186 (10th

Cir. 1992) (holding that a district court order containing detailed legal analysis and

reasoning could not, standing alone, trigger the appeal process). Therefore, the time to appeal the September 26 decision did not begin to run until 150 days had elapsed. *See* Fed. R. Civ. P. 58(c)(2)(B) (if a separate judgment is not entered it will be deemed entered after 150 days from the entry of the order). Thus, pursuant to Fed. R. App. P. 4(a)(1)(B) (because the United States is a party), Mr. Waterbury had sixty days to file his appeal. He filed his notice of appeal on December 1, 2008. This notice of appeal was well within the time permitted by the rules. We therefore take jurisdiction in order to determine whether a COA should issue.

## II. DISCUSSION

In his pro se application to this court, Mr. Waterbury reiterates the basis for his request for a COA. As he did in the district court, he argues that his trial counsel was ineffective for failing to request a severance from other co-conspirators and for failing to object to his appearance before the jury in prison attire. To be entitled to a COA brought pursuant to 28 U.S.C. § 2255, we must determine that Mr. Waterbury has demonstrated that "reasonable jurists would find the district court's assessments of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quotations omitted). In its Memorandum and Order, the district court thoroughly evaluated all of the issues that are presented here on appeal. The district court found that none of the grounds raised challenging the effective assistance of counsel at trial demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). We agree. Mr.

- 2 -

Waterbury was indicted together with several co-conspirators. The district court followed the general rule that persons who are indicted together should be tried together. *United States v. Green*, 115 F.3d 1479, 1487 (10th Cir. 1997). Mr. Waterbury has pointed to no adequate reasons that the jury was incapable of distinguishing between the testimony against him and against his co-conspirators. Further, the jury was clearly instructed on how to consider the evidence separately. Thus, Mr. Waterbury has not shown that his counsel's performance was objectively unreasonable.

The other ground raised by Mr. Waterbury is that the defense counsel at trial was ineffective by not objecting when he (Mr. Waterbury) appeared at trial wearing prison apparel. It is clear that the government may not compel a defendant to stand trial in prison clothes. *Estelle v. Williams*, 425 U.S. 501, 512 (1976). Nonetheless, the facts in this case demonstrate that Mr. Waterbury was not in prison clothes because of the compulsion of either the government or his attorney. Instead, his fiancee was expected to produce civilian clothing at the start of trial but did not do so. Nothing in this record shows that Mr. Waterbury asked his attorney to object prior to voir dire, and there is no evidence in the record that he objected to proceeding to trial in prison clothing. The failure to object to trial proceedings conducted in prison attire is enough "to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle v. Williams*, 425 U.S. 501, 512 (1976). Thus, Mr. Waterbury has not demonstrated that his counsel's performance fell below an objective standard of reasonableness.

Finally, to the extent that Mr. Waterbury argues that the district court should have

held an evidentiary hearing on his claims, we conclude that no hearing was necessary. *See United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (court must hold a hearing "'unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'") (quoting 28 U.S.C. § 2255).

## III.  CONCLUSION

Neither of the grounds put forth by defendant towards his claim of ineffective assistance of counsel rise to the level of demonstrating that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. Accordingly, we DENY his request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge