104 F.3d 368
 96 CJ C.A.R. 1985
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kevin K. OGDEN, Plaintiff-Appellant,
v.
SAN JUAN COUNTY DETENTION CENTER; KOB-TV, Inc., Channel 4;
KOBF-TV, Channel 12; Farmington Dailey Times;
State of New Mexico; City of
Farmington, Defendants-Appellees.
 No. 94-2272, 95-2190.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1996.
 
 D.N.M., No. CIV-93-797-MV.
 Before BRORBY, EBEL and HENRY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This case comes to us for the second time on appeal. Plaintiff Kevin Ogden, proceeding pro se, filed suit claiming several constitutional violations pursuant to 42 U.S.C. § 1983. The district court dismissed all claims sua sponte. The court dismissed one claim against non-state actors for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The court dismissed the remaining claims for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 4
 On appeal to this court for the first time, the record showed the Plaintiff failed to file a Notice of Appeal with this court within the thirty-day time limit as required under Fed.R.Civ.P. 4(a)(1). Consequently, we remanded to the district court for a determination of whether the Notice of Appeal was timely filed. On remand, the district court determined Mr. Ogden filed his Notice of Appeal outside the thirty-day time limit. The Plaintiff appeals this determination, but we now notice for the first time during this second appeal the district court failed to file a separate document of judgment when it dismissed the claims on their merits. Therefore, we must first determine whether we can exercise jurisdiction over the merits of Plaintiff's claims even though the first Notice of Appeal was untimely filed.
 
 
 5
 Under Fed. R.App. P. 4(a)(1), a notice of appeal in a civil case must be filed within thirty days after the date of entry of the judgment. Here, the Plaintiff did not file his first Notice of Appeal within the prescribed time limit. However, the thirty-day time clock does not run until the judgment is "effective," satisfying the requirements of Fed.R.Civ.P. 58. Clough v. Rush, 959 F.2d 182, 185 (10th Cir.1992). Rule 58 states, in pertinent part, "every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed.R.Civ.P. 58 (emphasis added). The question then is whether the lack of a separate document of judgment tolls the thirty-day time limit.
 
 
 6
 Under certain circumstances, such as where a party timely appeals an order under the mistaken belief the order is final, the parties may waive Rule 58' § separate document requirement allowing the order's appeal. Rush, 959 F.2d at 185. However, such a waiver argument cannot be used to defeat appellate jurisdiction because while a formal "separate document" of judgment is not always needed for a district court's order to become appealable, a district court's order remains appealable when a separate document of judgment is lacking. Shalala v. Schaefer, 509 U.S. 292, 303 (1993). Our review of the record reveals the district court did not enter a separate document of judgment in this case. As a result, the thirty-day time clock did not begin to run, and the order of the district court remained appealable. Rush, 959 F.2d at 185.
 
 
 7
 Because no separate document of judgment was entered by the district court, we must consider whether remand is appropriate to allow for the entry of such a document such that the appeal will be properly before us under Fed.R.Civ.P. 4(a)(1) & 58. Having determined a remand solely for the purpose of obtaining a separate judgment would be an unnecessary exercise in "wheel spinning," we conclude a remand is inappropriate. See Rush, 959 F.2d at 186. Therefore, because the thirty-day time period was tolled due to the lack of a separate document of judgment, and because such a document is not needed for the district court's order to become appealable, we accept jurisdiction and move on to consider the appeal's merits. See Schaefer, 509 U.S. at 303; Rush, 959 F.2d at 186.
 
 
 8
 A district court may dismiss sua sponte, as it did here, a pro se complaint under Rule 12(b)(6) for failure to state a claim. Northington v. Jackson, 973 F.2d 1518, 1520 (10th Cir.1992). While the court must construe a pro se plaintiff's complaint liberally, it should not assume the role of advocate. Northington, 973 F.2d at 1520-21. The district court should dismiss claims " 'when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.' " Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991)). We review dismissals under Fed R. Civ. P. 12(b)(6) & (1) de novo. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir.1995); Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir.1995).
 
 
 9
 Upon careful review of the record, we agree with the district court that the court lacked subject matter jurisdiction over the non-state actors; we also agree the Plaintiff has failed to plead facts necessary to maintain his other claims. Therefore, we affirm for substantially the same reasons set forth in the district court's orders, copies of which are attached.
 
 
 10
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 11
 ORDER AND JUDGMENT*
 
 
 12
 BRORBY, Circuit Judge.
 
 
 13
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 14
 This case comes to us for the second time on appeal. Plaintiff Kevin Ogden, proceeding pro se, filed suit claiming several constitutional violations pursuant to 42 U.S.C. § 1983. The district court dismissed all claims sua sponte. The court dismissed one claim against non-state actors for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The court dismissed the remaining claims for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 15
 On appeal to this court for the first time, the record showed the Plaintiff failed to file a Notice of Appeal with this court within the thirty-day time limit as required under Fed.R.Civ.P. 4(a)(1). Consequently, we remanded to the district court for a determination of whether the Notice of Appeal was timely filed. On remand, the district court determined Mr. Ogden filed his Notice of Appeal outside the thirty-day time limit. The Plaintiff appeals this determination, but we now notice for the first time during this second appeal the district court failed to file a separate document of judgment when it dismissed the claims on their merits. Therefore, we must first determine whether we can exercise jurisdiction over the merits of Plaintiff's claims even though the first Notice of Appeal was untimely filed.
 
 
 16
 Under Fed.R.App.P. 4(a)(1), a notice of appeal in a civil case must be filed within thirty days after the date of entry of the judgment. Here, the Plaintiff did not file his first Notice of Appeal within the prescribed time limit. However, the thirty-day time clock does not run until the judgment is "effective," satisfying the requirements of Fed.R.Civ.P. 58. Clough v. Rush, 959 F.2d 182, 185 (10th Cir.1992). Rule 58 states, in pertinent part, "every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed.R.Civ.P. 58 (emphasis added). The question then is whether the lack of a separate document of judgment tolls the thirty-day time limit.
 
 
 17
 Under certain circumstances, such as where a party timely appeals an order under the mistaken belief the order is final, the parties may waive Rule 58' § separate document requirement allowing the order's appeal. Rush, 959 F.2d at 185. However, such a waiver argument cannot be used to defeat appellate jurisdiction because while a formal "separate document" of judgment is not always needed for a district court's order to become appealable, a district court's order remains appealable when a separate document of judgment is lacking. Shalala v. Schaefer, 509 U.S. 292, 303 (1993). Our review of the record reveals the district court did not enter a separate document of judgment in this case. As a result, the thirty-day time clock did not begin to run, and the order of the district court remained appealable. Rush, 959 F.2d at 185.
 
 
 18
 Because no separate document of judgment was entered by the district court, we must consider whether remand is appropriate to allow for the entry of such a document such that the appeal will be properly before us under Fed.R.Civ.P. 4(a)(1) & 58. Having determined a remand solely for the purpose of obtaining a separate judgment would be an unnecessary exercise in "wheel spinning," we conclude a remand is inappropriate. See Rush, 959 F.2d at 186. Therefore, because the thirty-day time period was tolled due to the lack of a separate document of judgment, and because such a document is not needed for the district court's order to become appealable, we accept jurisdiction and move on to consider the appeal's merits. See Schaefer, 509 U.S. at 303; Rush, 959 F.2d at 186.
 
 
 19
 A district court may dismiss sua sponte, as it did here, a pro se complaint under Rule 12(b)(6) for failure to state a claim. Northington v. Jackson, 973 F.2d 1518, 1520 (10th Cir.1992). While the court must construe a pro se plaintiff's complaint liberally, it should not assume the role of advocate. Northington, 973 F.2d at 1520-21. The district court should dismiss claims " 'when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.' " Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991)). We review dismissals under Fed.R.Civ.P. 12(b)(6) & (1) de novo. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir.1995); Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir.1995).
 
 
 20
 Upon careful review of the record, we agree with the district court that the court lacked subject matter jurisdiction over the non-state actors; we also agree the Plaintiff has failed to plead facts necessary to maintain his other claims. Therefore, we affirm for substantially the same reasons set forth in the district court's orders, copies of which are attached.
 
 
 21
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 ATTACHMENTS
 
 22
 Kevin K. Ogden, Plaintiff,
 
 
 23
 v.
 
 
 24
 San Juan County Detention Center, KOBF, Channel 12, KOB,
 
 
 25
 Channel 4, and the Farmington Daily News, Defendants.
 
 No. CIV-93-0797 MV/DS
 
 26
 United States District Court,
 
 
 27
 D. New Mexico.
 
 
 28
 July 1, 1994.
 
 MEMORANDUM OPINION AND ORDER
 
 29
 Plaintiff is incarcerated and is proceeding pro se. This matter is before the Court to review Plaintiff's proposed amended complaint for compliance with this Court's Memorandum Opinion and Order of August 6, 1993, and upon Plaintiff's "Motion for Judiciary Review," filed August 27, 1993.
 
 Proposed Amended Complaint
 
 30
 In its order of August 6, 1993, the Court dismissed Plaintiff's complaint against Defendants KOB, KOBF, and the Farmington Daily News, without prejudice for lack of federal jurisdiction. Plaintiff's claim against the San Juan County Detention Center arising from allegedly biased media coverage of his trial was dismissed for failure to state a claim upon which relief can be granted. The Court gave Plaintiff twenty days to amend his complaint to state with particularity the facts supporting his claims that he has been denied medical care in violation of the Eighth Amendment, and that he has been denied meaningful access to the courts.
 
 
 31
 On August 23, 1993, Plaintiff filed his "Notice of Amendment to Original Complaint." On the same date, however, Plaintiff filed a notice of appeal, depriving this Court of jurisdiction over his case. The appeal was dismissed as premature on January 20, 1994. See Ogden v. San Juan County Detention Center, Civil Appeal No. 93-2247.
 
 
 32
 In Plaintiff's Notice of Amendment, he repeats his allegations concerning allegedly biased news coverage by the media Defendants named in his original Complaint. These claims and parties were dismissed without prejudice. Plaintiff raises no new arguments which would alter that disposition.
 
 
 33
 Plaintiff's sole allegation regarding his access to a law library is that "[t]he failure to provide the right of access to adequate law libraries is ... stated as a major violation of a constitutional right, the First Amendment." (Notice of Amendment at p 5, p. 2). Thus, even after amending his complaint, Plaintiff has provided only a legal conclusion without any specific facts in support of his claim. "[T]he court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir.1992) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff's claim that he has been denied meaningful access to the courts is accordingly DISMISSED for failure to state a claim upon which relief can be granted.
 
 
 34
 To support his claim that Defendant San Juan County Detention Center denied him access to necessary medical care, in violation of the Eighth Amendment, Plaintiff refers to Ogden v. San Juan County, No. CIV-90-671 JC/LFG (Ogden I), a civil rights action previously filed in this Court. In Ogden I, Plaintiff alleged that he suffered a broken leg in the Aztec Detention Center in San Juan County in 1988, for which he received no medical treatment. He stated in his complaint that the injury occurred in 1988, but that the negligent care occurred from 1988 until sometime in 1990. Plaintiff contended that he requested that the Aztec Detention Center and the Las Vegas Medical Center put a cast on his leg, but they refused to do so.
 
 
 35
 On August 26, 1992, the Court ordered Plaintiff to amend his complaint in Ogden I. Plaintiff failed to do so, and failed to respond to Defendants' affirmative defenses. On November 25, 1992, the Court ordered Plaintiff to file a response to Defendants' affirmative defenses, setting forth specific facts to support his claim of deliberate indifference to his serious medical needs. Upon Plaintiff's failure to respond to this second order, Plaintiff's complaint in Ogden I was dismissed without prejudice on January 21, 1993, for failure to prosecute.
 
 
 36
 Plaintiff may not amend his complaint in this case solely by referring the Court to a prior lawsuit. See D.N.M.LR-Cv 10.3 (exhibits shall not be attached to complaints); 7.1 (pleadings shall not be filed by a statement that a party adopts another pleading). This is especially true here, where in the prior lawsuit the Court ordered Plaintiff to respond to Defendants' affirmative defenses with more specific facts in support of his claim, and Plaintiff failed to comply.
 
 
 37
 Plaintiff's history before this Court in failing to prosecute his claim of deliberate indifference to his serious medical needs indicates that dismissal with prejudice may be justified in this case.[1] Because of the drastic nature of this sanction, however, I will give Plaintiff one final opportunity to amend his complaint. Plaintiff's proposed amended complaint shall be submitted on the Court's civil rights complaint form. The amended complaint shall not refer to any other pleadings in support of Plaintiff's claims. Rather, Plaintiff shall state with particularity the facts supporting his claim that Defendant San Juan County Detention Center has denied him access to necessary medical care. Plaintiff's amendment shall include, but is not limited to, the following facts:
 
 
 38
 (1) When and how Plaintiff was injured, what treatment he received at the time of his injury, and why such treatment was inadequate;
 
 
 39
 (2) What medical problems arose subsequent to the date of Plaintiff's injury, and when those problems arose;
 
 
 40
 (3) What treatment Plaintiff received for any medical problems that arose subsequent to the date of his injury, when Plaintiff received such treatment, and why such treatment was inadequate;
 
 
 41
 (4) What specific requests Plaintiff has made for medical care to the San Juan County Detention Center, when he made such requests, and what has been the response;
 
 
 42
 (5) What treatment Plaintiff currently needs that he has not received;
 
 
 43
 (6) What facts support Plaintiff's claim that Defendant has been deliberately indifferent to his serious medical needs.
 
 Motion for Judiciary Review
 
 44
 In Plaintiff's Motion for Judiciary Review, he seeks the recusal of District Judge Conway, or in the alternative review by a district court judge of the Court's order of August 6, 1993. Plaintiff contends in his Motion that the Clerk signed Judge Conway's order. The record reflects, however, that District Judge LeRoy Hansen signed the order for Judge Conway. Moreover, this case was randomly re-assigned and is thus no longer assigned to Judge Conway. Accordingly, Plaintiff's Motion is DENIED.
 
 
 45
 WHEREFORE,
 
 It is ORDERED as follows:
 
 46
 (1) Plaintiff's claim for denial of meaningful access to the courts is DISMISSED for failure to state a claim upon which relief can be granted.
 
 
 47
 (2) Plaintiff shall amend his complaint in strict accordance with the instructions in this memorandum opinion and order. Plaintiff shall have thirty (30) days from the date of entry of this order to file his amended complaint. Failure to comply with this order shall result in the dismissal of Plaintiff's complaint with prejudice for failure to prosecute, without further notice to Plaintiff.
 
 
 48
 (3) Plaintiff's "Motion for Judiciary Review," filed August 27, 1993, is DENIED.
 
 Martha Vazquez
 MARTHA VAZQUEZ
 United States District Judge
 
 49
 Kevin K. Ogden, Plaintiff,
 
 
 50
 v.
 
 
 51
 San Juan County Detention Center, KOBF, Channel 12, KOB,
 
 
 52
 Channel 4, and the Farmington Daily News, Defendants.
 
 No. CIV-93-0797-JC/RWM
 
 53
 United States District Court,
 
 
 54
 D. New Mexico.
 
 
 55
 Aug. 6, 1993.
 
 MEMORANDUM OPINION AND ORDER
 
 56
 Plaintiff is incarcerated and is proceeding pro se. This matter is before the court sua sponte to review Plaintiff's civil rights complaint for frivolousness pursuant to 28 U.S.C. § 1915(d).
 
 
 57
 The gravamen of Plaintiff's complaint is that the three news organizations named as Defendants, KOB, KOBF, and the Farmington Daily News (media Defendants), took Plaintiff's photograph without permission, and published negative and biased reports concerning Plaintiff's arrest and trial. Plaintiff alleges that the San Juan County Detention Center (Detention Center) permitted the media Defendants to publish these reports, because the Detention Center hoped to prejudice Plaintiff's criminal trial. Plaintiff also complains that the media Defendants did not permit him to make a statement to the press.
 
 
 58
 Plaintiff protests that the Detention Center requires him to wear orange coveralls and handcuffs to court, further prejudicing his media coverage. He alleges that the unfavorable media coverage has resulted in his being declared competent to stand trial, which in turn has led the Detention Center to deny Plaintiff adequate medical treatment. Finally, Plaintiff contends that he has no access to a law library.
 
 
 59
 To pursue an action under 42 U.S.C. § 1983, Plaintiff must allege that Defendants acted under color of state law. See West v. Atkins, 487 U.S. 42, 48-49 (1988). Construing Plaintiff's pro se complaint liberally, see Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir.1992), I nonetheless find nothing to indicate that the media Defendants were acting under color of state law within the meaning of section 1983. Rather, Plaintiff alleges only that the coverage of events by the media Defendants was biased, and that the Detention Center permitted the media Defendants to take his photograph and publish biased reports. Moreover, slander alone is not enough to state a constitutional claim. See Paul v. Davis, 424 U.S. 693 (1976). Plaintiff has thus failed to state a federal claim against the media Defendants. See Northington, 973 F.2d at 1520-21.
 
 
 60
 Federal courts have jurisdiction over civil actions arising under the Constitution and laws of the United States, see 28 U.S.C. § 1331, and over civil actions involving in excess of $50,000.00 between citizens of different states. See Id. § 1332. Plaintiff has not alleged, nor does it appear from the facts alleged in his complaint, that Plaintiff and Defendants are citizens of different states. Accordingly, Plaintiff's complaint against media Defendants KOB, KOBF, and the Farmington Daily News (media Defendants) is dismissed without prejudice for lack of federal jurisdiction. See Fed.R.Civ.Pro. 12(b)(1); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991) (citations omitted) (district court may dismiss complaint sua sponte "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile").
 
 
 61
 Plaintiff does not allege that Defendant San Juan County Detention Center directly participated in producing biased media reports about Plaintiff. Rather, he complains that the Detention Center has permitted Defendants to take his photograph and has permitted biased reporting. He alleges that the media Defendants have not allowed him to make a statement to the press.
 
 
 62
 Plaintiff's legal theory relies on Supreme Court precedents permitting prisons to limit or bar media coverage. See, Pell v. Procunier 417 U.S. 817 (1974); Procunier v. Martinez, 416 U.S. 396 (1974). Plaintiff, in contrast, seeks to require the Detention Center to bar coverage of his criminal trial, and to guarantee fair coverage by the media.
 
 
 63
 There is no authority granting Plaintiff a constitutional right to protection by the Detention Center from press coverage. Plaintiff does have the right to a fair trial, and that right is arguably implicated by his allegations that the Detention Center contributes to biased coverage by bringing Plaintiff to court in shackles. Cf. United States v. Hack, 782 F.2d 862, 866 (10th Cir.1986) (reviewing federal district court's decision to permit shackling of prisoner). The shackling of a defendant, however, does not necessarily deprive him of a fair trial. See id. Plaintiff provides no facts, other than to state that the shackling results in his appearing before the media as if he were already convicted, to support his claim that the shackling has denied him a fair trial. See Hall, 935 F.2d at 1109 (petitioner, even if pro se must allege sufficient facts about material events); Dunn v. White, 880 F.2d 1188, 1198 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990) (specific allegations required to state a claim of constitutional violation).
 
 
 64
 Moreover, Plaintiff complains about events occurring during his ongoing state criminal trial, and requests this court's intervention in the trial. His request for injunctive relief is barred by 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state criminal trials by granting equitable relief. Although Plaintiff's complaint for damages is not similarly barred, Plaintiff has numerous remedies in the New Mexico state court system guaranteeing him a fair trial. The availability of these post-deprivation remedies negates Plaintiff's claim that he is being denied a fair trial without Due Process. See Hudson v. Palmer, 468 U.S. 517 (1984). His claim is therefore DISMISSED for failure to state a claim upon which relief can be granted. See Hall, 935 F.2d at 1109.
 
 
 65
 Finally, Plaintiff alleges that because he has been declared competent to stand trial, he has been denied necessary medical care, and that he has been denied access to a law library. Plaintiff gives no specific facts to support either claim. See Hall, 935 F.2d at 1109; Dunn, 880 F.2d at 1198. At the same time, however, this Court cannot dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Denton v. Hernandez, --- U.S. ----, ----, 112 S.Ct. 1728, 1733 (1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Based on the allegations in Plaintiff's complaint, it does not appear "beyond doubt" that Plaintiff cannot support his claim.
 
 
 66
 Accordingly, this Court will order Plaintiff to amend his complaint to state with particularity the factual support for his claim that Defendant is deliberately indifferent to his serious medical needs, and that Defendant has denied him meaningful access to the courts. Plaintiff shall have twenty (20) days to amend his complaint. Failure to comply with this court's order will result in dismissal without further notice to Plaintiff.
 
 IT IS THEREFORE ORDERED AS FOLLOWS:
 
 67
 1) Plaintiff's complaint against Defendants KOB, KOBF, and the Farmington Daily News (media Defendants) is DISMISSED without prejudice for lack of federal jurisdiction. See Fed.R.Civ.Pro. 12(b)(1).
 
 
 68
 2) Plaintiff's claims against Defendant San Juan County Detention Center arising from allegedly biased media coverage of his trial, including his claim that Defendant has permitted biased coverage and has taken him to court in shackles, are DISMISSED for failure to state a claim upon which relief can be granted, without prejudice to any claims Plaintiff may choose to pursue in state court.
 
 
 69
 3) Plaintiff shall have twenty (20) days to amend his complaint to state with particularity the facts supporting his claims that he has been denied medical care in violation of the Eighth Amendment, and that he has been denied meaningful access to the courts.
 
 
 70
 ------/s/ C. Leroy Hansen
 
 C. LEROY HANSEN FOR JOHN E. CONWAY
 
 71
 ------ United States District Judge
 
 
 72
 Kevin K. Ogden, Plaintiff,
 
 
 73
 v.
 
 
 74
 San Juan County Detention Center, KOBF, Channel 12, KOB,
 
 
 75
 Channel 4, and the Farmington Daily News, Defendants.
 
 
 76
 No. CIV-93-00767 MV/DS.
 
 
 77
 United States District Court,
 
 
 78
 D. New Mexico.
 
 
 79
 Aug. 17, 1994.
 
 MEMORANDUM OPINION AND ORDER
 
 80
 This matter is before the court on Plaintiff's "Motion of Amendment," filed July 26, 1994, which will be liberally construed as a Motion to Amend Plaintiff's Complaint. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (pro se pleadings should be liberally construed).
 
 
 81
 On July 1, 1994, I entered a memorandum opinion and order requiring Plaintiff to amend his complaint to state with particularity the facts supporting his allegation that Defendant San Juan County Detention Center were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth and Fourteenth Amendments.[1] The order specifically limited Plaintiff to detailing the substance of this claim.
 
 
 82
 In his proposed amendment, Plaintiff repeats many claims he has raised previously before this court, including several complaints about the conduct of his ongoing state criminal trial, including his allegedly inadequate defense counsel, his lack of adequate access to a law library in order to assist his counsel, and the biased media coverage of his murder trial. Plaintiff's claims concerning the conduct of his criminal trial were addressed and dismissed by prior orders in this case. See Orders of August 6, 1993, and July 1, 1994. Moreover, these allegations raise matters outside the scope of my order of July 1, 1994. Accordingly, I will not address these claims in this opinion.
 
 
 83
 Plaintiff alleges that he received inadequate medical care following injuries he received in 1985 and 1988. Plaintiff did not file his current complaint, however, until July 8, 1993. The applicable statute of limitations in New Mexico for actions for alleged civil rights violations pursuant to 42 U.S.C. § 1983 is three years. N.M.Stat.Ann. § 37-1-8 (1990 Repl.Pamp.); see Garcia v. Wilson, 731 F.2d 640 (10th Cir.1984), aff'd, 471 U.S. 261 (1985). Plaintiff's claims for any events occurring prior to July 8, 1990, are accordingly barred by the applicable statute of limitations. Plaintiff's allegations concerning the denial of adequate medical care in 1985 and 1988 thus do not support a claim upon which relief can be granted.
 
 
 84
 The district court may dismiss a complaint sua sponte for failure to state a claim upon which relief can be granted under Fed.R.Civ.Pro. 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." See e.g. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). Plaintiff's claims arising from events in 1985 and 1988 will therefore be dismissed sua sponte. See e.g. Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987) (1915(d) dismissal based on affirmative defense is appropriate where the defense is "obvious from the face of the complaint").
 
 
 85
 Plaintiff also raises general complaints about his current medical treatment, and repeats several times that the San Juan County Detention Center is deliberately indifferent to his serious medical needs. These conclusory statements alone, however, do not support a claim that the Detention Center violated his right to be free from cruel or unusual punishment. Even pro se litigants must have some minimal level of factual support for their claims. See Frazier v. DuBois, 922 F.2d 560, 562 n. 1 (1990). Notwithstanding the rule of liberal reading of pro se pleadings, such complaints must not be merely conclusory. See id. A pro se complaint may be dismissed when the "complaint lacks any legal or factual specificity which would allow [a court] reasonably to read the pleadings as stating a recognized claim." Gregory v. United States, 942 F.2d 1498, 1500 (10th Cir.1991) (citing Hall, 935 F.2d at 1109-10).
 
 
 86
 Plaintiff attaches a copy of medical progress notes from the San Juan County Detention Center to his Motion to Amend Complaint as specific support for his allegation that the Detention Center is deliberately indifferent to his serious medical needs. The notes, however, reflect that Plaintiff has been seen frequently for medical problems by the Detention Center staff.
 
 
 87
 Thus, Plaintiff's complaint is not that he has received no medical care, but rather that the care he has received has been negligent. Plaintiff states that he has "requested to be moved to a medical facility citing numerous medical problems involving chronic pain syndrome, major illness and mental illness. The transfer request did not achieve any results." (Motion to Amend Complaint at 8). Plaintiff also argues that he is entitled to be treated for his mental health problems by the "least drastic means" available which, according to Plaintiff, is a transfer to a medical facility. Finally, Plaintiff complains that he has been told that if he wishes additional treatment for his medical problems beyond the treatment provided by the Detention Center, he will have to pay for it himself.
 
 
 88
 "[O]nly 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." Ramos v. Lamm, 639 F.2d 559, 574-75 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1987)). To articulate an Eighth Amendment cause of action premised on an allegation that Defendant was deliberately indifferent to his serious medical needs, Plaintiff must establish a subjective and an objective element: (1) subjectively, that Defendant acted with a sufficiently culpable state of mind, with "deliberate indifference," and (2) objectively, that the pain or deprivation he suffered was sufficiently serious. Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir.1991) (citation omitted).
 
 
 89
 Here, Plaintiff at most alleges a difference of opinion between himself and the medical staff concerning the necessary scope of his medical treatment. None of these allegations, considered together or separately, support a claim that Defendant is deliberately indifferent to Plaintiff's serious medical needs. "The prisoner's right is to medical care--not to the type or scope of medical care which he personally desires." Coppinger v. Townsend, 398 F.2d 392, 393 (10th Cir.1968). "[D]iagnostic techniques or forms of treatment" are matters for medical judgment and do not represent cruel and unusual punishment. Estelle v. Gamble, 429 U.S. at 106.
 
 
 90
 Plaintiff has had two opportunities to amend his complaint to give specific facts in support of his claim. He has failed to do so. As drafted, Plaintiff's complaint fails to state a claim upon which relief can be granted. I find that further amendment would be futile. See Hall, 935 F.2d at 1109.
 
 
 91
 THEREFORE, IT IS ORDERED that Plaintiff's complaint is DISMISSED sua sponte for failure to state a claim upon which relief can be granted. This action is DISMISSED.
 
 
 92
 /s/ Martha Vazquez
 
 MARTHA VAZQUEZ
 United States District Judge
 
 
 *
 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 *
 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff filed a second complaint, alleging that he was injured while in the custody of the State of New Mexico, and was denied necessary medical treatment. See Ogden v. State of New Mexico, No. CIV-93-1368 JC/LFG. Plaintiff sought damages and injunctive relief. Plaintiff's claim for damages was dismissed based on Eleventh Amendment immunity. He was ordered to amend his complaint to give more specific facts in support of his claim for injunctive relief. Plaintiff failed to do so; his complaint was therefore dismissed without prejudice on January 10, 1994. The complaint before me is Plaintiff's third complaint regarding his medical care
 
 
 [1]
 As a pretrial detainee, Plaintiff is entitled to at least the same measure of protection afforded those convicted of a crime. "Due process requires that a pretrial detainee not be punished." Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979)