**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KURK JOHNSON,

        Plaintiff-Appellant,

v.

RON WARD, Warden; GARY
GIBSON, Warden; LEE MANN,
Assistant Warden; MIKE PRUITT,
Unit Manager; JIMMY SHIPLEY,
Case Manager; BILLY MOORE,
Case Manager,

        Defendants-Appellees.

Nos. 00-7053 & 02-7056
(D.C. No. 98-CV-428-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases

are therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Kurk Johnson brought this action in forma pauperis seeking monetary and injunctive relief under 42 U.S.C. § 1983 for defendants' alleged denial of his constitutional rights. The district court dismissed the action under 28 U.S.C. § 1915(e) as frivolous. We review the district court's decision for an abuse of discretion, *McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997), and affirm.

Johnson is a prisoner incarcerated at the Oklahoma State Penitentiary. He was working in the prison kitchen in August 1997 when he was charged with misconduct for an alleged battery. He claims that the misconduct charge caused him to be terminated from his job. Following a hearing, the misconduct charge was dismissed for failure to comply with due process. In his complaint, Johnson contended that there was an unreasonable delay in removing the misconduct charge from his records; that the loss of his job reduced his ability to earn good-time credits and cost him twenty-eight days of good-time credit for September 1997; and that defendants violated his due process and liberty interest rights. He sought compensatory and punitive damages and restoration of lost good-time credits.

Defendants filed a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and moved for summary judgment. They contended that Johnson was not fired from his job and placed at a lower level for earning

good-time credits because of his misconduct charge per se. They contended, somewhat inconsistently, that he lost his job either because of behavior problems (apparently the same behavior problems that led to the misconduct charge) or because the fact that he had been charged with misconduct required that he be placed in the residential housing unit, which caused him to be placed on idle status. In any event, they argued, Johnson did not have a liberty interest in his prison job or his opportunity to earn good-time credits, and therefore was not entitled to due process before being removed from his job. They also contended that Johnson did not lose any properly earned credits for September 1997. Although his records reflected a deduction of twenty-eight days, this was just a correction for days improperly posted in his favor.

The district court agreed with defendants that Johnson did not have a right to a prison job and that the deduction of credits in September 1997 was just an adjustment for credits previously posted incorrectly. It therefore determined that Johnson's allegations did not rise to the level of a constitutional violation and dismissed his complaint pursuant to 28 U.S.C. § 1915(e).

Johnson filed a notice of appeal. We initially questioned whether the notice was timely under Fed. R. App. P. 4(a)(1)(A) and the prison mailbox rule, and partially remanded the case for a factual determination of when Johnson gave his notice of appeal to prison officials. The district court obtained arguments and

evidence from the parties, and ruled that Johnson's notice was untimely. Johnson filed a separate notice of appeal (No. 02-7056) of that determination. On further consideration of the record, however, we conclude that the notice of appeal was timely because the district court has not entered separate judgment as required by Fed. R. Civ. P. 58. [1] *See Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992). Therefore, the time for filing a notice of appeal has not yet begun to run. Even though there is no separate judgment as required by Rule 58, we accept jurisdiction in this case because "[e]fficiency and judicial economy would not be served by requiring the parties to return to the district court to obtain a separate judgment." *Id.* at 186.

On appeal on the merits, Johnson contends that the State of Oklahoma granted prisoners a liberty interest in its system for earning good-time credits; that he was denied due process in being terminated from his job; that his improper termination cost him the opportunity to earn good-time credits; that the reasons defendants gave for terminating his job were pretextual; and that defendants' misconduct appeal process was meaningless.

---

[1] Rule 58 and Fed. R. App. P. 4(a)(7) were amended effective December 1, 2002. Because the court's order and notice of appeal were filed in 2000, we apply the prior version of these rules. Our conclusion on the timeliness of the appeal would be the same under the amended version of these rules.

We agree with the district court that Johnson did not have a liberty interest in his prison job. *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996). Defendants' termination of his job, regardless of reason, and the alleged inadequacy of the appeal process therefore do not raise any due process concerns. We also disagree with his contention that he had any liberty interest in the opportunity to earn good-time credits. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); *Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995). Denying a prisoner such opportunity does not present "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Moreover, we have specifically rejected the claim that Oklahoma has granted prisoners a liberty interest in its system for earning good-time credits. *Twyman v. Crisp*, 584 F.2d 352, 356-57 (10th Cir. 1978). (We note that the 1976 version of the relevant statute, Okla. Stat. tit. 57, § 138, interpreted in *Twyman* is substantially similar to the 1999 version in effect when the actions at issue in this case occurred.)

The judgment of the district court on the merits (Appeal No. 00-7053) is AFFIRMED. Appeal No. 02-7056 is DISMISSED as moot. All outstanding motions are DENIED. Johnson is reminded of his obligation to continue making partial payments until the entire balance of his appellate filing fee for appeal No. 00-7053 is paid. Johnson does not have to pay a filing fee for appeal No. 02-7056.

ENTERED FOR THE COURT
PER CURIAM