**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID J. GILBREATH,

     Plaintiff - Appellant,

v.

DUNCAN K. CLARK; Supervisor I,
Saddle Shop; GEORGE UHLAND,
Supervisor III, Saddle Shop; CASEY
HIBBS, Supervisor I, Saddle Shop;
ANTHONY A. DECESARO,
Grievance Officer Colorado
Department of Corrections; JOHN
SUTHERS, Attorney General, State of
Colorado,

     Defendants-Appellees.

No. 05-1380
(D. Colorado)
(D.Ct. No.05-CV-918-ZLW)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

---

[*] This order and judgment is not binding precedent except under the doctrines of law of
the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

## I. Background

David J. Gilbreath, a state prisoner proceeding *pro se*,[2] filed a prisoner complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights arising from his termination from a prison job. The district court dismissed the complaint as "legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)." (R. Doc. 5 at 4.) Gilbreath then filed a notice of appeal and a motion for leave to proceed *in forma pauperis* (*ifp*) on appeal. The district court denied the motion pursuant to 28 U.S.C. § 1915(a)(3), finding the appeal was not taken in good faith because Gilbreath had not "shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." (R. Doc. 11.) Gilbreath has filed with this Court a combined motion for leave to proceed *ifp* and opening brief. *See* FED. R. APP. P. 24(a)(5). We DENY Gilbreath's motion for leave to proceed *ifp* and AFFIRM.

## II. Discussion

A.  Timeliness of appeal

At the outset, we must determine whether we have jurisdiction to consider this matter. The timely filing of a notice of appeal is "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988).

---

[2] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

The order dismissing Gilbreath's § 1983 action was entered on July 1, 2005. Gilbreath's notice of appeal was not filed until August 16, 2005, past the thirty-day time limit set forth in Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure. While at first blush it appears the notice of appeal is untimely, application of Rule 58 of the Federal Rules of Civil Procedure leads to the contrary conclusion.

Rule 58 requires every judgment to "be set forth on a separate document." FED. R. CIV. P. 58(a)(1). In this case, although the district court's order was entered on July 1, 2005, no separate judgment was filed. Because the district court's order contained detailed legal analysis, it did not satisfy the requirements of a judgment under Rule 58. *See Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992). Because a separate judgment was not filed, Rule 58(b)(2)(B) is triggered. Under Rule 58(b)(2)(B), a judgment is deemed entered within 150 days from entry of the order in the civil docket. Gilbreath's notice of appeal was filed within this time frame and thus is timely.

B.    Dismissal of § 1983 action

We review a district court's determination of frivolousness under § 1915 for an abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). A complaint may be deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims include

"claims of infringement of a legal interest which clearly does not exist." *Id*. at 327.

The district court ruled Gilbreath was not deprived of a constitutionally protected liberty or property interest in the termination of his prison employment. The court was correct in its ruling. The law is clear: a prisoner does not have a protected liberty interest in his prison job. *Penrod v. Zavaras,* 94 F.3d 1399, 1407 (10th Cir. 1996). Furthermore, prison grievance procedures do not "give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted). The defendants' alleged failure to follow prison rules in terminating Gilbreath from his job did not impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," and thus did not implicate due process considerations. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

AFFIRMED.

The district court found the appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). After reviewing Gilbreath's contentions, and giving weight to the district court's decision, we agree. *Coppedge v. United States*, 369 U.S. 438, 446 (1962). Gilbreath's appeal is "without merit in that it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). We DENY Gilbreath's motion to proceed *ifp* and order him to

-4-

remit the full amount of the filing fee within twenty days. *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of obligation to pay appellate filing fee in full).

The district court's dismissal of Gilbreath's complaint as frivolous counts as a strike pursuant to 28 U.S.C. § 1915(g). Gilbreath is reminded that if he accrues three strikes, he will no longer be able to proceed *ifp* in any civil action filed in a federal court unless he is in imminent danger of serious physical injury.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge